In re GLAZIER.

(District Court, M. D. Pennsylvania. April 30, 1912.)

No. 2,063.

1. BANKRUPTCY (§ 57*)—"ACT OF BANKRUPTCY"—CONCEALMENT OF ASSETS—
"CONCEALED."

Bankruptcy Act July 1, 1898, c. 541, § 3a (1), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), provides that acts of bankruptcy by any person shall consist of having conveyed, transferred, "concealed," or removed, or permitted to be concealed or removed, any part of his property with intent to delay or defraud his creditors, or any of them. *Held*, that the word "conceal" means to hide or withdraw from observation, to carry or keep from sight, to prevent discovery of, or to withhold knowledge of; and hence a petition alleging that the bankrupt did deny and conceal ownership of a particular bank, so that the creditors, by virtue of deposits carried by them in the bank, were, by the acts and declarations of the bankrupt, misled into the belief that the bank belonged to another, and that within four months the petitioner concealed the assets of the bank by turning the same over to the executrices of decedent, to be by them administered as his property, sufficiently alleged concealment of property with intent to defraud creditors, and constituted an "act of bankruptcy."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 57, 66, 69–79; Dec. Dig. § 57.*

For other definitions, see Words and Phrases, vol. 1, p. 118; vol. 8, p. 7562; vol. 2, pp. 1377–1384.]

2. BANKRUPTCY (§ 57*)—ACT OF BANKRUPTCY—CONCEALMENT OF ASSETS—IN-
TENT.

Where a bankrupt assigned to the executrices of a decedent, to be administered as the property of his estate, the assets of the bank, which she, in fact, owned, undoubtedly for the purpose of conserving it in some manner for her own use, retaining an equity in the same to redeem in case there was more property than sufficient to pay the creditors, her intent concerning the bank and its assets must be regarded as one to conceal her property, whether she had any right to or control of all her property during the time of such concealment not being material as to the question of her intent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 57, 66, 69–79; Dec. Dig. § 57.*]

In the matter of Julia T. Glazier, bankrupt. On demurrer to a petition in involuntary bankruptcy. Overruled.

C. R. Savidge and H. W. Petrikin, for petitioner.
James S. Woods, T. F. Bailey, and O. H. Hewit, for demurrant.

WITMER, District Judge. This is a demurrer to a petition in involuntary bankruptcy, filed against Julia T. Glazier. The petition, which was filed January 6, 1912, as amended, showing that the said Julia T. Glazier on August 3, 1911, made a general assignment of all her property, real, personal, and mixed, for the benefit of her creditors, avers:

"That the said Julia T. Glazier, being insolvent, and being the owner of the Huntingdon Bank, a private bank doing business at Huntingdon, Pa., before and after making the deed of voluntary assignment to R. J. Mattern, as in said petition set forth, did deny and conceal her ownership of said bank, so that your petitioners, being creditors of the said Julia T. Glazier by virtue of deposits carried by them in said bank, were, by the acts and declarations of the said Julia T. Glazier, deceived and misled unto the belief that the said bank belonged to one C. H. Glazier, and your petitioners did not discover that the said Julia T. Glazier was the owner of said bank until the 11th day of December, 1911. That the said Julia T. Glazier, being insolvent, did, for the purpose of hindering, delaying, and defrauding her creditors, within four months preceding the filing of the petition in bankruptcy, of which this is an amendment, commit the following acts of bankruptcy:

"1. She transferred and concealed, and permitted to be concealed, assets of said Huntingdon Bank, her property, by turning the same over to the executrices of said C. H. Glazier, deceased, to be by them administered as the property and effects of the said C. H. Glazier, and by allowing the said executrices to take charge of, to have in their possession and control, to dispose of, to administer, account for, and proceed to have said property distributed as the estate of said C. H. Glazier, which said acts of administration were continuous, and continued from the 10th day of June, 1911, until the 11th day of December, 1911."

The petition, continuing, sets forth the particular acts of the alleged bankrupt showing her denial and concealment of her ownership of the said bank, whereby her creditors and her assignee were deceived, all for the purpose, as alleged, with intent, on her part, of hindering, delaying, and defrauding her creditors.

[1] The demurrer admits all of the allegations of the petition, which clearly makes out an act of bankruptcy under section 3a (1) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]). It provides that:

"Acts of bankruptcy by any person shall consist of having (1) conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them."

The alleged bankrupt evinced an indisposition to disclose her real financial condition. More than this, it appears that she actually concealed a valuable portion of her assets, keeping them beyond the reach of her creditors and her own assignee, appointed for their alleged benefit. Such is concealment within the meaning of the statute. To conceal is:

"To hide or withdraw from observation; to cover or keep from sight; to prevent the discovery of; to withhold knowledge of." Webster's Dictionary.

The word is thus used in like statutes. Thomas v. State, 92 Ala. 51, 9 South. 541; O'Neil v. Glover, 5 Gray (Mass.) 144. It has to do with what concerns others, and implies an act done or procured to be done which is intended to prevent or hinder. In re Shoesmith, 135 Fed. 687, 68 C. C. A. 322. It is not only presumed that she intended the

ordinary consequences of her acts, but it is alleged that she intended thereby to hinder and delay her creditors for fraudulent purposes,. to deprive them of property which she should have disclosed and in all honesty and fair dealing turned over to them, or for their benefit.

. [2] The intent on her part, concerning the bank and its assets, must be regarded as an intent to conceal her property. Her purpose undoubtedly was to conserve it in some manner for her own use; hence it followed that she did not regard her title to it as having been severed or lost. Whether she had any right to or control of all of her property during the time of such concealment is not the criterion by which the effect of her act is to be determined. For this purpose her intent, and not the effect of her act, is of importance. However, whatever may have been her interest, even if her assignment should eventually be regarded valid as affecting the property concealed from her assignee and creditors, it cannot be denied but that she did retain an equity in the same to redeem, in case there was more property than sufficient to pay the creditors.

It appearing from the petition that Mrs. Glazier concealed from her creditors and from her assignee, and permitted to be concealed from them, a part of her property while insolvent, with intent, etc., and so continued to within four months of the filing of such petition, an act of bankruptcy is disclosed, for which a petition against her will be sustained.

The demurrer is therefore overruled.

---

### THE ACRE.

#### (District Court, E. D. New York. April 29, 1912.)

SALVAGE (§ 10*)—SERVICES ENTITLED TO COMPENSATION—MOVING VESSEL FROM FIRE.

> Services rendered by vessels and dockmen in moving a vessel, which was in danger of fire by communication from another vessel, although rendered in connection with the salving of such other vessel, *held* salvage services, and entitled to compensation as such.

> [Ed. Note.—For other cases, see Salvage, Cent. Dig. §§ 18–20; Dec. Dig. § 10.*]

In Admiralty. Suit by James Brooks and others against the steamship Acre. Decree for libelants.

Foley & Martin, for libelants.

Haight, Sanford & Smith, for claimant.