## In re ADLER.

## TWENTY–SEVEN WAVERLY PLACE CORPORATION v. ADLER.

### No. 93.

Circuit Court of Appeals, Second Circuit.

Dec. 2, 1935.

Charles A. Cohen, of New York City (Charles A. Cohen and Bernard Bayer, both of New York City, of counsel), for appellant.

Hobart S. Bird, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order of the District Court granting the bankrupt's discharge, after the master had recommended the denial of her application. We think that the order should be reversed and that the decision of the master was right and should be affirmed.

The appellant, an objecting creditor of the bankrupt, filed two specifications in opposition to her application for a discharge. The one relied upon is the second, framed under section 14b (4) of the Bankruptcy Act, as amended by Act May 27, 1926, § 6 (11 USCA § 32 (b) (4). It alleged that subsequent to tha first day of the twelve months' period immediately preceding the filing of the bankruptcy petition, the bankrupt transferred, removed, destroyed, or concealed, or permitted to be transferred, removed, destroyed, or concealed, certain of her property with intent to hinder, delay, and defraud her creditors. As particulars of that charge the specification set forth that in or about October, 1932, and without any consideration, the bankrupt delivered to one Fred Goldstandt her note in the principal sum of $900, and thereafter permitted judgment to be taken against her in the Municipal Court of the City of New York upon the note, and about November, 1932, permitted a garnishment under this judgment to issue against her salary and the same to continue from November, 1932, down to the date of the filing of the petition in bankruptcy, and thereafter down to and including the month of January, 1934, when the objection to the discharge was filed.

A voluntary petition in bankruptcy was filed October 26, 1933, and the adjudication was on that date.

The $900 note of the bankrupt was dated August 4, 1932, and was payable thirty days from date. It was claimed to represent an indebtedness arising from cash loans made by Goldstandt over a period of about a year which, according to the testimony of Goldstandt, ranged from $50 to $100, and according to the testimony of the bankrupt, given in supplementary proceedings, ranged from $25

to $75. These advances were said to have been made in cash and were supported by no documentary evidence. They were not deposited by the bankrupt in her personal bank account, although her salary which she received from Trade-Ways, Inc., her employer, was deposited there. This salary was at the rate of $500 per month from March, 1932, to and including March, 1933, and at the rate of $400 per month from April, 1933, to and including January, 1934. Two weeks after the thirty-day note was given, Goldstandt turned it over to his attorney with directions to sue when it matured. Accordingly, action was brought on the note on September 12, 1932, judgment entered by default on September 21, 1932, and an order for garnishment of the salary was made on September 26, 1932. Under this order, beginning October 15, 1932, 10 per cent. of the bankrupt's salary was deducted by her employer and paid over to a city marshal holding the garnishee execution.

In August, 1932, at the time when the note for $900 was drawn up, the appellant Twenty-Seven Waverly Place Corporation had sued the bankrupt for the rent of her apartment and there was imminent danger that this creditor would obtain judgment against her and garnishee 10 per cent. of her salary. The master concluded that in order to defeat that action and proceedings by other creditors, the bankrupt concocted the plan of drawing up the $900 note and having the action brought on it by Goldstandt and 10 per cent. of her salary garnisheed pursuant to section 684 of the Civil Practice Act of the State of New York. We think there was sufficient ground for his finding, nor did the District Judge, who only reversed the master because of a supposed variance between the second specification and the proof, reach a contrary conclusion.

The bankrupt testified that she borrowed from Goldstandt because of her desperate financial situation and her need of money to pay for food and doctors' bills. He is said to have been a friend of one of her relatives and because of this to have made the loans, though his personal acquaintance with her was slight. At the times she began to borrow the money, in August, 1931, she was receiving a salary of $500 per month, was renting a $3,000 apartment from the appel-

lant, and was paying the rent. Indeed, she paid it in full down to April, 1932. Likewise when she began to borrow from Goldstandt she had obtained a loan of $2,500 secured by collateral worth $3,780 from the National City Bank.

The master thought it unreasonable to suppose that a woman should need to borrow small sums of money in order to buy food when she was receiving a salary of $500 per month, had a bank account showing a comfortable balance, and when the collateral upon which she had obtained her bank loan showed a fair margin above the amount of the loan. He also thought it a suspicious circumstance that Goldstandt should turn over the note to his attorney two weeks before its maturity with directions to bring suit when, according to the testimony, he had never asked the bankrupt for repayment of the advances. The lack of documentary evidence as to the series of loans, the failure of either lender or borrower to give the exact amounts or the dates of the different advances, and the whole story of petty borrowing by a person of relatively large affairs, left the proof unsatisfactory and the judgment without sufficient basis. The order which garnisheed 10 per cent. of the bankrupt's salary was subject to the infirmity of the judgment, and the sums of money paid to the marshal can only be regarded as in fact still belonging to the bankrupt.

If there was no indebtedness to Goldstandt and the judgment and order garnisheeing a part of the bankrupt's salary were illusory, there was a concealment through the agency of Goldstandt, or by the bankrupt as his transferee. In any event, under such circumstances there was a transfer and removal of an asset of the bankrupt, or a destruction of it so far as the estate was concerned, through the improper use of legal machinery to obtain the judgment. It can make no difference whether the bankrupt kept the moneys herself or caused them to be removed from her estate. The contention that the proof showed only a preferential transfer to Goldstandt which would not bar a discharge is unfounded. The objecting creditor showed reasonable grounds for believing that the moneys were concealed, transferred, removed, or destroyed. Therefore, under the proviso of section 14 of the Bank-

ruptcy Act, as amended by Act May 27, 1926, § 6 (11 USCA § 32), the burden of proving the contrary was upon the bankrupt. Shanberg v. Saltzman, 69 F.(2d) 262 (C. C. A. 1). We think that she failed to sustain this burden by giving an adequate explanation of her conduct in obtaining the cash advances on which the $900 note was founded.

The allegation in the specification that the $900 note was delivered to Goldstandt by the bankrupt in October, 1932, instead of August, 1932, and that the order garnishing her salary was made in November, 1932, instead of September 26, 1932, was not strictly proved, but the proof adduced was not a fatal variance and the specification should be regarded as amended to conform to the proof. In re Finder (C. C. A.) 61 F.(2d) 960. If there was enough to show that the judgment and order were improperly obtained and were mere mechanisms for defrauding the creditors of the bankrupt, they were quite enough to show transfers of her salary within twelve months preceding the filing of the petition on October 26, 1933. The payments to the marshal were made within twelve months prior to that date and the moneys paid were not satisfactorily accounted for.

The order of the District Court granting a discharge is vacated, with costs to the appellant, and the case is remanded, with directions to enter an order sustaining the second specification and denying a discharge.