## In re SORKOWITZ et al.

District Court, S. D. New York.
April 13, 1937.

Otterbourg, Steindler & Houston, of New York City (E. Robert Marks, of New York City, of counsel), for trustee.

Dubenstein & Schwartz, of Brooklyn, N. Y. (Max Schwartz, of Brooklyn, N. Y., on the brief), for Abraham Sorkowitz, bankrupt.

Samuel Horowitz, of New York City, for Joseph Solomon, bankrupt.

PATTERSON, District Judge.

The bankrupts were formerly partners in the coat business. In the course of bankruptcy proceedings, they made application for discharge from their debts. The trustee opposed discharge, filing a specification against each of them to the effect that within twelve months preceding the petition in bankruptcy the bankrupt had concealed property with intent to hinder, delay, or defraud creditors. The property said to have been concealed in the case of Sorkowitz was $220 in cash, that in the case of Solomon $400 in cash.

An involuntary petition in bankruptcy was filed against the bankrupts on February 24, 1936. Two months earlier, on December 19, 1935, the bankrupts made an assignment for the benefit of creditors. Two days before the assignment Sorkowitz obtained $200 in cash from a concern which was collecting the firm's accounts receivable, and pocketed the money. On the very day of the assignment Solomon obtained $400 in cash from the same source and kept it for himself. No entry of either item was made on the firm's books or records. The firm was heavily insolvent at the time. On these facts the referee to whom the case was sent recommended that discharge be denied.

By section 14b of the Bankruptcy Act (as amended, 11 U.S.C.A. § 32(b), the concealment of property with intent to defraud creditors within twelve months of bankruptcy is cause for withholding from a bankrupt his discharge. There can be no fair doubt that each of the bankrupts took and concealed money with intent to defraud their creditors. On the eve of an assignment for the benefit of creditors and while insolvent, they took substantial sums of money from the business. The "concealment" is evident from the manner of the withdrawal and from the absence of any appropriate entry on the books. The amounts withdrawn and concealed were not too trifling to have significance. See In re Richter, 57 F.(2d) 159 (C.C.A.2).

The referee's conclusion was right, and his report will be confirmed.