**In re VERONA CONST. CO.**

No. 7889.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 20, 1942.

Decided March 23, 1942.

John Ferguson, of Montclair, N. J., for appellant.

Andrew B. Crummy, of Newark, N. J., for appellee.

Before MARIS, CLARK, and GOODRICH, Circuit Judges.

CLARK, W., Circuit Judge.

On August 18, 1941, a petition for involuntary bankruptcy was filed against the Verona Construction Company. The complainant alleged that the debtor had "concealed or removed property with intent to hinder, delay or defraud its creditors during the year 1939 by turning over" to two of its officers certain sums of money. The debtor moved to dismiss the petition on the ground that the alleged act of bankruptcy had been committed more than four months prior to the filing. From the District Court's denial of the motion, the debtor has appealed.

Appellant argues that Section 3, sub. b of the Bankruptcy Act[1] provides a blanket limitation of four months following an act of bankruptcy within which time a petition may be filed. As authority it cites a single case.[2] That case is one which involves an alleged transfer of assets. We are here concerned not with a transfer, but with a concealment.[3] It has long been settled that the four month limitation begins to run upon continuing concealments only from the time of discovery.[4] The recent modernizations of the Bankruptcy Act[5] have not affected this precedent. A leading treatise speaking of the present provision says:

"Although §3b appears to cover the entire first act of bankruptcy, it deals expressly with transfers and assignments, not mentioning concealments and removals. Consequently, as to the latter, the four-month period does not expire until four months after the concealment or removal is discovered by creditors." 1 Collier on Bankruptcy, 14th Ed., Para. 3.702.

Thus, the bankruptcy rule that the four month period shall not begin to run on the concealment of assets until discovery is quite similar to the doctrine prevailing in England[6] and the majority of the United States[7] that the statute of limitations is tolled where there has been a fraudulent concealment of a cause of action.

The order of the District Court is affirmed.

---

[1] "A petition may be filed against a person within four months after the commission of an act of bankruptcy. Such time with respect to the first, (the act alleged in the amended petition) second, or fourth act of bankruptcy shall not expire until four months after the date when the transfer or assignment became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred or assigned superior to the rights of the transferee or assignee therein." 11 U.S. C.A. § 21, sub. b (parenthetical matter added)

[2] In re D.W.F., Inc., D.C., 35 F.Supp. 125.

[3] "To conceal is to hide or withdraw from observation; to cover or keep from sight, to prevent discovery or to withhold knowledge. In re Perlmutter [D.C.] 256 F. 862. Thus, a bankrupt conceals assets where he evinces an indisposition to disclose his real financial condition, as well as where he keeps his assets beyond the reach of his creditors. In re Burg [D.C.] 245 F. 173; In re Glazier [D.C.] 195 F. 1020." 1 Remington on Bankruptcy § 113.

"The word 'conceal' is construed to mean to hide or withdraw from observation, to carry or keep from sight, to prevent discovery of, or to withhold knowledge of the existence, ownership, or location of property." 1 Collier on Bankruptcy, 14th Ed., Para. 3.103.

See also Grafton v. Meikleham, 5 Cir., 246 F. 737; In the matter of Adler, 2 Cir., 79 F.2d 840; In the matter of Ulrich, D.C., 18 F.Supp. 919; In re Sorkowitz, D.C., 19 F.Supp. 723.

[4] Citizens' Bank of Salem v. W. C. De Pauw Co., 7 Cir., 105 F. 926; In re Havens, 2 Cir., 255 F. 478.

[5] 52 Stat. 844, June 22, 1938.

[6] 20 Halsbury's Laws of England 612, 613; Brunyate, Fraud and the Statutes of Limitations, 4 Cambridge Law Journal 174; The Statute of Limitations, Claims Based on Fraud or Fraudulently Concealed, 76 Solicitor's Journal 535; Concealed Fraud and the Statute of Limitations, 4 Australian Law Journal 174.

[7] 2 Wood, Limitation of Actions §§ 2.74, 276f(1); Dawson, Fraudulent Concealment and Statutes of Limitations, 31 Michigan Law Review 875; Dawson, Undiscovered Fraud and Statutes of Limitation, 31 Michigan Law Review 591; Limitation of Actions-Fraud, 19 Iowa Law Review 381; Fraudulent Concealment of a Right of Action and the Statute of Limitations, 43 Harvard Law Review 471.