## MARGOLIN v. MOSKOWITZ.
### No. 27, Docket 20261.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1946.

Philip Olan, of New York City (Louis P. Rosenberg, of Brooklyn, N. Y., of counsel), for appellant.

George M. Aronwald, of New York City, for appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

On December 15, 1936, the objecting creditor Moskowitz recovered a judgment against the bankrupt Margolin for $356. Margolin gave a financial statement to General Public Loan Corporation to obtain a loan of $300 but failed to list among his liabilities this judgment as well as one by Gimbel Bros. of $233.75. It was claimed by Margolin, and found by the referee, that General Public Loan Corporation was advised of the existence of these judgments prior to making its loan. But, to sanction such a finding involved too great a tax on the credulity of Judge Galston, who reversed the referee, and indeed involves too great a tax upon our own.

The financial statement was concededly false, for it said that Margolin and his wife owed their creditors but $70.14 and $20. The question is whether the lender was informed of the existence of the judgments held by Moskowitz and Gimbel before making its loan so that it was not misled by the financial statement which Margolin signed. A claim of Food Dealers Loan and Investment Co. for $70.14 was made known to General Public Loan Corporation and was deducted by it from the $300 advanced. Not only is it entirely unreasonable to suppose that the lender would have insisted on that small deduction while at the same time disregarding the judgments of Moskowitz and Gimbel, which aggregated more than the loan itself, but a record kept by the lender in the ordinary course of business for the purpose of setting forth the financial condition of the borrower disclosed the $70.14 claim but contained no reference to the judgments of Moskowitz or Gimbel. This record was excluded by the referee on the erroneous ground that it had not been signed by Margolin, but was properly taken into consideration by Judge Galston. It was a contemporary document showing what was before the lender when it made the loan and contained the information which its investigations had disclosed. It gave to the objecting creditor's case overwhelming support. We think that the finding of the referee that

the objecting creditor was not misled by the financial statement was clearly erroneous.

Reasonable grounds having been shown by the objecting creditor for believing that the bankrupt made a materially false financial statement in writing to obtain a loan, the latter had the burden of disproving the objection, which he failed to sustain. 11 U.S.C.A. § 32, sub. c.

Order of the District Court affirmed.