**Matter of Irving HIRSCH, also known as Izzy Hirsch, Bankrupt.**

**No. 51974.**

United States District Court
E. D. New York.

March 28, 1956.

Joseph L. Lefkowitz, New York City, for bankrupt.

Catherine I. McDermott, New York City, for Household Finance Corp.

BRUCHHAUSEN, District Judge.

The bankrupt, pursuant to Section 2, sub. a(10) of the Bankruptcy Act, 11 U.

S.C.A. § 11, sub. a(10), seeks a review of the order of the Referee in Bankruptcy, herein, denying the bankrupt's discharge. The order was grounded upon Section 14, sub. c of the said act, 11 U.S.C.A. § 32, sub. c, providing that a discharge shall not be granted to a bankrupt who has obtained money or property on credit or an extension or renewal of credit by making a materially false financial statement.

■ The cases of Industrial Bank of Commerce v. Bissell, 219 F.2d 624, In re Haggerty, 165 F.2d 977 and Margolin v. Moskowitz, 157 F.2d 872, all in the Second Circuit, construe the said Section 14, sub. c. As stated in Industrial Bank of Commerce v. Bissell, a creditor objecting to a bankrupt's discharge must establish three major factors, viz.:

1. That the bankrupt, for the purpose of obtaining money or property on credit, made a written statement respecting his financial condition.

2. That such statement was materially false.

3. That such statement was relied upon by the objecting creditor.

■■ The testimony before the Referee, offered on behalf of the objecting creditor, Household Finance Corporation, discloses that on October 18, 1954, the Corporation procured a financial statement, signed by the bankrupt, and loaned to him the sum of $108.11, renewed a prior loan of $241.63, added interest thereon of $4.27 and obtained from the bankrupt a new note for the indebtedness, totalling $354.01.

The said statement, Exhibit 2, sets forth, in part, as follows:

"Financial Statement

"The undersigned having applied to Household Finance Corporation for a loan of $354.01 for 20 months, for the purpose of showing his * * * ability to repay the same, and inducing Household Finance Corporation to make said loan, hereby represents and warrants to Household Finance Corporation that

the following is a full, complete and correct list of all debts and liabilities of and other claims against them and each of them on 10/18/54.

| | Amount Owed |
|---|---|
| "Present loan balance with Household Finance Corporation | $241.63 |
| "Personal Finance | 200.00 |
| "I have no other debts | |
| "Total | $441.63" |

The uncontradicted testimony is that, at the time of making and delivering the statement, the bankrupt was indebted as follows:

| | |
|---|---|
| To National City Bank for | $750.00 |
| To Jackson Finance Company for | 297.91 |
| To Personal Finance Company for | 500.00 |

The testimony on behalf of the objecting creditor likewise establishes that the statement was relied upon by it for the purpose of making a loan and extending credit to the bankrupt.

The principal argument urged by the bankrupt on this motion is that the statement was not materially false, that the bankrupt could not read or write English and did not comprehend the contents of the statement. As stated in The Industrial Bank case, supra [219 F. 2d 626], a financial statement is materially false if " 'made and acquiesced in either with actual knowledge that it was incorrect, or with reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct.' " There is no evidence as to whether the bankrupt could read or write English, other than, on cross-examination, several witnesses stated that they had no knowledge on that subject. However, the fact is that the bankrupt had knowledge of the contents of the statement. The witness McKenner testified that he explained the paper to the bankrupt and asked him whether he had any

debts and apparently in reply thereto, the bankrupt requested the witness to set forth in the statement that he, the bankrupt, had no debts, other than the sum of $200, owing by him to the Personal Finance Company. (Tr. 19, 20.) Furthermore, there is no explanation offered by the bankrupt of his "reckless indifference to the actual facts."

The findings of fact, conclusions of law and order of the Referee are confirmed.