## In re LEVINE.

District Court, S. D. New York.
July 20, 1939.

Morris H. Switzer, of New York City, for bankrupt.

Philip Klein, of New York City, for objecting creditor Atlantic Finance Co. Inc.

COXE, District Judge.

This is a motion by the bankrupt to confirm a referee's report overruling objections to a discharge, and recommending that the discharge be granted. The sole specification charges that the bankrupt obtained money from the objecting creditor on a false financial statement.

On Oct. 13, 1936, the bankrupt obtained a loan of $200 from the objecting creditor, a finance company in Baltimore, which was to be repaid in installments, with interest. On the same date, and prior to obtaining the loan, the bankrupt and his wife gave the objecting creditor a written financial statement, in which they declared that they owned an automobile on which there was due $450, and that their "total present indebtedness" (exclusive of the amount owed the objecting creditor) "does not exceed $500.00." This statement was signed by both the bankrupt and his wife, and expressly stated that it was "for the purpose of procuring a loan".

The proof before the referee was confined entirely to the personal debts of the bankrupt, and no effort was made by the objecting creditor to show that the debts of the wife, amounting to $280.76, which the bankrupt listed on his schedules, were in reality his obligations. The bankrupt admitted, however, that on Oct. 13, 1936, when he signed the statement, he personally owed $360.16 for miscellaneous debts, and $250 on the purchase price of an automobile. He also scheduled a liability of $256 on a lease of an apartment on which he had defaulted, and the record contains nothing to show that this liability did not in fact exist. With the indebtedness on the lease included, the total liabilities of the bankrupt at the time of the statement amounted to at least $866.16.

■ It is clear, therefore, that the statement of the bankrupt that his total liabilities did not exceed $500 was false. I think, too, that the statement was materially false, for on an application for a loan of only $200 an overstatement of $366.16 on total liabilities of $866.16 can hardly be said to be negligible.

The question of reliance remains for consideration. The loan was a renewal of an earlier one made in May, 1936. At that time, the bankrupt and his wife also gave the objecting creditor a written statement, in which they declared that they owned an automobile on which they owed $450, and that their total indebtedness was $525. O'Neill, manager of the objecting creditor, testified that when the bankrupt came in for the renewal, he asked him what his total indebtedness was, and that the bankrupt answered that it was about the same as when the original loan was made—"that he owed about $450 on the automobile and approximately $50 in other indebtedness". O'Neill further testified that he then wrote in his own handwriting the answers to the questions as appearing in the statement, and that, after the statement had been "scanned very briefly" by the bankrupt, it was signed. The bankrupt's recollection of the interview was somewhat different. He testified that he told O'Neill in answer to his questions that he owed "approximately $500" besides the loan on the car.

■ The bankrupt is an intelligent man, and was fully capable of understanding what he was doing. He does not say that he signed the statement in ignorance, but merely that the written answers to the questions are not in accord with what he told O'Neill. The bankrupt was, however, O'Neill's only source of information, and it is unreasonable to suppose that O'Neill filled in the answers incorrectly. The bankrupt signed the statement with his eyes open, and his signature "was in itself a circumstance not to be disposed of lightly". In re Soter, D.C., 19 F.Supp. 764. I do not think, therefore, that the bankrupt's testimony regarding the interview with O'Neill is worthy of belief. The statement was made for credit purposes, and the evidence shows it was relied on. In re Brownstone, D.C., 17 F.Supp. 402, affirmed 2 Cir., 101 F.2d 1006; Matter of Deutsch, 36 A.B.R., N.S., 316.

The motion of the bankrupt to confirm the referee's report is denied, and the discharge refused.