**COHN v. ARKIN.**

**No. 122.**

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1943.

Nathan B. Fogelson, of New York City, for Adolph Cohn, bankrupt-appellant.

Louis Rubenstein, of New York City (Harold D. Safir, of New York City, of counsel), for Edward Arkin, trustee-appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The bankrupt, Adolph Cohn, applied for a discharge. His trustee opposed his discharge on the ground among others that the bankrupt made a false financial statement in a written application to the Modern Industrial Bank for a loan upon which he obtained $216 and in the statement falsely represented that he had no debts outstanding. The referee sustained the particular objection that the bankrupt had falsely represented that he had no debts and denied his discharge and, upon the bankrupt's petition for a review, the District Court affirmed the referee. The bankrupt has admitted that he owed one Samuel Zahn $2,000. Yet, in his application to the bank, in reply to the question: "What is the total amount of your debts?" he drew a line—in the blank provided for an answer. He also drew similar lines in replying to the questions: "How much life ins. do you carry?" "In what Companies?", and to the question: "What branch?" when asked about his bank accounts, and to the questions as to the "cost" and the "assessment" of any real estate he might own. The mark in each of these instances was plainly the equivalent of the negative answer "none." It is not doubted that the referee who heard the bankrupt testify was fully justified in finding that a discharge should not be granted when the bankrupt offered no explanation for his mode of replying to the question about his debts except to state that his indebtedness to Zahn of $2,000 and to other creditors was unimportant since he had furnished the bank with a collateral guaranty of the loan.

There were other debts than the one to Zahn which he failed to list in his application for a loan, as well as two judgments that had been entered against him. Though the failure to mention the judgments, or a claim held by a friend, was thought by the referee to be insufficient alone to bar a discharge, the omission of the judgments at least, differed from the $2,000 claim of Zahn because in case of the judgments the bankrupt had drawn no line (—) in the blank left for an answer, as he had done in reply to various other questions. However tenuous may have been the basis of the referee's decision as to the judgments his conclusion about the failure to disclose debts was clearly justified.

Section 14, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c, provides that: "The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; * * * Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The application for the loan provided that "all statements are true and complete and are made to induce the bank to grant this loan." Not only did the bankrupt fail to disclose judgments against him in substantial amounts but he in effect misstated that he owed no debts. The trustee certainly has shown reasonable grounds for believing that the bankrupt committed acts which would prevent his discharge. The bankrupt accordingly had the burden of proving that he had not committed any such acts. The referee was fully justified in holding that he did not sustain the burden. The order confirming the decision of the referee is therefore affirmed.

Order affirmed.