## In re SCHWARTZ.
### No. 189.

Circuit Court of Appeals, Second Circuit.

March 30, 1943.

Joseph W. Gottlieb, of Brooklyn, N. Y. (William J. Rudin, of Brooklyn, N. Y., on the brief), for appellant.

Samuel L. Marcus, of New York City (Louis Epstein, of New York City, on the brief), for appellee.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The appellee bank, a creditor, objected to the discharge in bankruptcy of appellant upon the sole ground that he had obtained from it a loan of $804, made in reliance upon a false financial statement which indicated that appellant had a fixed salary of $125 per week and an additional income of $25 per week from the same source.

§ 14, sub. c(3), of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), provides that a creditor may object to the granting of a discharge on the ground that the bankrupt has "obtained money or property on credit * * * by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition." In his "statement of affairs," filed in the course of the bankruptcy proceedings, the bankrupt's income for each of the immediately preceding two years, had been stated to be "$2,000 approximate-

ly." The bankrupt testified that he had informed his attorney that his income for the period was $4,000 a year, and that the latter had inadvertently inserted the $2,000 figure. The referee issued an order denying the discharge on the basis that "the bankrupt has not testified truthfully about his term of employment and salary; that, in an attempt to justify his statement of affairs, he has wilfully created a bar to his discharge." The district court refused review of the Referee's order.

The sole question before us is whether the statement made to the bank was shown to be materially false. Perjury in the "statement of affairs" was not alleged as a ground for denial of the discharge. At the hearing, appellant produced and put in evidence an employment contract for $125 a week. This evidence, which was uncontroverted, substantiates appellant's statement to the bank in regard to his fixed salary. As to the stated additional income of $25 weekly, no evidence was adduced at the hearing, nor was appellant examined with respect to this item. If the discharge was correctly denied, then it can only have been on the ground that appellant made false representations as to the additional income of $25. Inasmuch as this was neither proved nor disproved at the hearing, if we are to uphold the Referee and the court below, we must find that the burden of proof as to this item was on appellant.

The creditor objecting to the discharge has the original burden of proving the grounds alleged in the specification of objections. § 14, sub. c, of the Bankruptcy Act, after listing the statutory grounds of objection to a discharge, provides "that if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." Appellee therefore had the burden of showing "to the satisfaction of the court" that there were "reasonable grounds" for believing that the appellant had committed the specific acts charged in its specifications of objections, here the making of a false financial statement to induce the granting of the loan. Only when the objecting creditor has discharged this burden, and not before, does the burden shift to the bankrupt. In re Muss, 2 Cir., 100 F.2d 395; In re Adler, 2 Cir., 79 F.2d 840, 841, 842; Karger v. Sandler, 2 Cir., 62 F.2d 80. Appellee failed to sustain its burden. Appellant should accordingly be granted a discharge.

Reversed.