### In re GREGOR.

### No. 443362.

District Court, E. D. New York.

July 27, 1943.

Leon Liner, of New York City, for Creditor Bronx County Trust Co.

Samuel Fuchs, of Jamaica, for bankrupt.

GALSTON, District Judge.

This matter brings for review an order of the referee granting a discharge to the bankrupt and overruling the specification of objection filed by the Bronx County Trust Company, a creditor.

The specification of objection recites that on July 30, 1941, the bankrupt, for the

purpose of obtaining money upon credit as co-maker from the Bronx County Trust Company, made a statement in writing to the bank which was materially false in that it set forth that the bankrupt did not have any debts due to banks, loan companies, relatives or others, and that by virtue of said statement the bankrupt, as co-maker, obtained from the objecting creditor a loan of $1,344, whereas in fact the bankrupt at that time was indebted to the National City Bank in the sum of $450; to one Irene Dahlgauss in the sum of $300, and to the Washington Irving Trust Company $3,500.

The issue revolves about the legal effect of the failure of the bankrupt to fill in an answer in the co-maker's statement which he filed with the bank to the question: "State below all debts due to banks, loan companies, relatives, or others, including instalment accounts, etc." At the top of the statement appears the direction of the bank: "Answer all questions and fill in all blanks, stating 'No' or 'None' where necessary".

The referee, relying on International Harvester Co. v. Carlson, 8 Cir., 217 F. 736, held that the bankrupt had not made a statement in writing which was materially false, and that the statement did not materially set forth that the bankrupt had no debts to banks, etc., and that the bankrupt as co-maker did not obtain a loan from the objecting creditor by virtue of the alleged false statement, and that the institution did not rely on a materially false statement for the purpose of extending credit.

No explanation is offered by the bankrupt as to his failure to answer the question indicated on the personal loan blank. The direction is very simple. Moreover, the form itself contains this recital:

"* * * and I affirm and reiterate each of the above statements and answers to be true and correct * * *

"* * * and in order to induce you to grant such loan, I hereby represent and warrant to you that no misrepresentations have been made in this co-maker's statement, and that no information has been concealed or withheld which is material to the risk or essential to a consideration by you, of, and a proper decision by you on this application. I also understand that you are relying on the liability assumed by me in signing such promissory note, etc."

The bank, by calling for the information as provided for in the blank statement, must be presumed to regard the matter of importance in passing on the loan sought. One who lends money presumably will be affected by the financial status of the borrower as revealed by his own statement. See generally In re Ernst, 2 Cir., 107 F.2d 760.

The referee's order will be reversed and the specification of objection sustained. Settle order.