Samuel Mazzola, of New York City, for bankrupt.

Henry W. Parker, of New York City, for objecting creditor.

MOSCOWITZ, District Judge.

The Morris Plan Industrial Bank, a creditor of the bankrupt, petitions to review an order of the referee overruling the specifications of objections duly filed before him and granting the bankrupt's discharge.

928

It is undisputed that the bankrupt and his wife stated, in a joint application for a loan of $50 from the Household Finance Corporation, that "we have no debts," whereas, in fact, a judgment against the bankrupt in the amount of $1828.39 was then outstanding, together with some $700 of other acknowledged debts, including the claim of petitioner.

The Bankruptcy Act, Section 14, subd. c, 11 U.S.C.A. § 32 sub. c, provides that "the court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit * * * by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition * * *: Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

■ Thus, the petitioner proved a prima facie statutory reason for denial of the discharge by the introduction and receipt into evidence of the false financial statement submitted by the bankrupt upon his application for the loan from Household Finance Corporation (Creditor's Exhibit 1) and it was up to the bankrupt to go forward and show that the admittedly false statement was not relied upon by the Household Finance Corporation in extending the loan to him. The referee himself recognized this at the outset (see page 5 of Minutes of hearing on July 17, 1944), but at the conclusion of the hearings, his memorandum states that he found "no proof that the lender was deceived by the statement or that it relied upon it."

■ The Court should not lightly disturb a referee's determination of fact and it is only when there is no evidence whatever to sustain his findings, that a reversal is justified, but a careful review of the record herein indicates a complete absence of any credible evidence to justify the granting of the discharge.

■ The only witness produced on the question of whether or not Household Finance Corporation relied upon the as-sertion by the bankrupt that he had no debts was Mr. Nils Anderson, assistant manager of the Corporation, called by the bankrupt himself. It is true that in response to an inquiry by the bankrupt's attorney, Mr. Anderson stated generally that if an applicant had sufficient income to meet the payments to be made under the intended loan, the loan might be granted even though the applicant had omitted in his statement to list some judgments or debts, provided collateral, such as household goods, was pledged as security. Such a loan was involved in this case. However, it is apparent from the responses to questioning by petitioner's attorney, which followed directly, that Mr. Anderson had not meant to convey the impression that the Corporation would ignore other debts on an application for a collateral loan. He very explicitly asserted that the existence of some $2500 of other debts would have a definite bearing on the Corporation's decision whether or not to make the loan and that the present bankrupt's application would have been rejected if it had been disclosed and verified that debts to such an amount were outstanding against him (see page 11 of Minutes of hearing on July 17, 1944). Mr. Anderson also stated that he would not make the loan, despite its small amount, in the face of such a large amount of other debts, even if a chattel mortgage were given and the wife's signature were also procured. He maintained this conclusion despite repeated attempts of the bankrupt's attorney to discredit this position of the bankrupt's own witness as inconsistent with the previous statement made on direct examination (see pages 11-14 of Minutes of hearing on July 17, 1944).

Since this was the only evidence in the record, there was no basis upon which the referee could find that the bankrupt had sustained his burden of showing that the Household Finance Corporation did not rely on the false financial statement tendered upon application for a loan, which was granted. In re Finn, 3 Cir., 1941, 119 F.2d 656; In re Curtiss, D.C., 40 F.Supp. 495, affirmed 3 Cir., 125 F.2d 158, and cases cited.

The petition for review is granted; the order of the referee is reversed; the specifications of objections by petitioner are sustained, and the bankrupt is denied his discharge.

Settle order on notice.