In the Matter of Joseph DI PALO, Bankrupt-Appellant,

Lloyd G. Weinberger, Trustee-Appellee.

No. 47, Docket 23133.

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 1954.

Decided Jan. 7, 1955.

Frank Serri and Francis M. Danisi, Jr., Brooklyn, N. Y., for bankrupt-appellant.

Samuel Masia, New York City, for trustee-appellee.

Before FRANKFURTER, Circuit Justice, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

On specifications of objection to the Bankrupt's discharge, the Referee found that the Bankrupt kept no books or records from which his financial status could be intelligently or accurately ascertained. After this showing that reasonable grounds existed for belief that the Bankrupt had committed an act which precludes a discharge, the burden of disproving the proscribed act shifted to the Bankrupt under the terminal proviso of Section 14, sub. c of the Act, 11 U.S.C.A. § 32, sub. c. In re Muss, 2 Cir., 100 F.2d 395; Federal Provision Co. v. Ershowsky, 2 Cir., 94 F.2d 574. The Referee found that the Bankrupt failed to sustain this burden. On review of the Referee's order, his findings were approved by the District Court. We find nothing in the record which even suggests that his findings of fact were "clearly erroneous" within the meaning of Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. His findings were, therefore, binding on the Judge below—and equally binding on us. In re Sandow, 2 Cir., 151 F.2d 807.

The failure to keep books having thus been sufficiently proved, the only remaining question is whether the failure was "justified under all the circumstances of the case" within the meaning of Section 14, sub. c(2), 11 U. S.C.A. 14, sub. c(2). As we held In re Sandow, supra, on review of the Referee's order this was a question of law open for independent decision by the Judge. The Judge, quoting from our opinion in the Sandow case, decided the question adversely to the Bankrupt and sustained the Referee's conclusion that the failure was not justified. We cannot say that the decision was erroneous.

Affirmed.