**INDUSTRIAL BANK OF COMMERCE, Objecting Creditor-Appellant,**

v.

**H. Woodruff BISSELL, Bankrupt-Appellee.**

No. 133, Docket 23237.

United States Court of Appeals, Second Circuit.

Argued Jan. 11, 1955.

Decided Feb. 9, 1955.

John J. Dwyer, New York City (Robert Ohnemus, New York City, of counsel), for appellant.

Harry J. McDermott, Brooklyn, N. Y., for appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

This is an appeal from an order of the District Court confirming, on review but without opinion, an order of the Referee in Bankruptcy granting a discharge.

The Industrial Bank of Commerce, which was engaged in the personal loan business, filed specifications of objection to the discharge alleging that on July 5, 1951 it made "a loan of money or an extension of credit" to the bankrupt in reliance on a written statement given to it by the bankrupt as to his financial condition wherein he stated that the total amount of his debts was only $400. The specification alleged that this statement was materially false in that in addition to the debt disclosed the bankrupt was in fact then indebted to various other creditors in specified amounts. The specification was based on Section 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. 32, sub. c(3).

Under Section 14, sub. c(3) of the Act the objecting creditor must establish three major factors: (1) that the bankrupt, for the purpose of obtaining money or property on credit, made a written statement respecting his financial condition, (2) that such statement was "materially false," and (3) that it was relied upon by the objecting creditor. See 1 Collier on Bankruptcy, Par. 14.34; Morimura, Arai & Co. v. Taback, 279 U.S. 24, 49 S.Ct. 212, 73 L.Ed. 586; Gerdes v. Lustgarten, 266 U.S. 321, 322, 45 S.Ct. 107, 69 L.Ed. 309; Kitzinger v. Geo. Y. Clark Co., 2 Cir., 146 F.2d 717; Crue v. Timmer, 6 Cir., 119 F.2d 415; In re Levine, D.C.S. D.N.Y., 28 F.Supp. 819. The word "false" in this statute means more than merely an incorrect statement. In the Taback

case, supra [279 U.S. 24, 49 S.Ct. 215], the Supreme Court held that to be "false" the statement must have been "made and acquiesced in either with actual knowledge that it was incorrect, or with reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct." To establish a *prima facie* case, the objecting creditor, under the proviso to Section 14, sub. c, is required to "show to the satisfaction of the court that there are reasonable grounds for believing" that the above three factors are present. Once this is done, the bankrupt has the burden of proving facts which remove the case from the bar of the Act. In re Schwartz, 2 Cir., 135 F.2d 362, In re Di Palo, 2 Cir., 1955, 218 F.2d 816.

We agree with the appellant that the evidence received at the hearing on discharge amply proved that in addition to the only debt disclosed on his financial statement concededly given, the bankrupt was also indebted at least to one Benson in a substantial amount. The indebtedness was evidenced by a promissory note for $700 given to the creditor Benson only a few months before making his statement to the Bank and in the intervening period several payments had been made on the note. It may well be that the bankrupt thought that because of the nature of past relations between Benson and the bankrupt's family, Benson would not enforce his note. But if so, that consideration was not enough to save his statement from classification as one which was falsely made. 1 Collier on Bankruptcy, p. 1357. The Referee's finding that at least for its omission of the Benson debt the statement was materially false, was amply proved. In re Smith, D.C.N.Y., 232 F. 248, In re Gregor, D.C.E.D.N.Y., 50 F.Supp. 918, Cohn v. Arkin, 2 Cir., 132 F.2d 724.

It only remains to determine whether the objecting creditor sufficiently proved, *prima facie*, that it made the loan or extended credit in reliance on the statement. As to this, the loan officer of the Bank testified that in making the loan the Bank did indeed rely on the statement. The Referee, we think, did not exceed his powers as a factfinder in withholding credit from this conclusionary testimony. However, reliance on a financial statement need not be proved by direct testimony. Ordinarily it may be proved by evidence showing that the statement was made to support an application for credit and that credit was given *after* receipt of the statement. Berberich v. Northern Illinois Corp., 7 Cir., 190 F.2d 53, In re Savarese, D.C. E.D.N.Y., 56 F.Supp. 927, In re Sheridan, D.C.N.J., 34 F.Supp. 286.

Here there is some conflict in the testimony of the bank's loan officer as to whether the loan was actually made on July 3, or July 5, 1951. He testified without contradiction that he approved the loan on July 5th, and there is no direct testimony of reliance on the bankrupt's statement prior to that date. However, the bankrupt's statement had been rubber-stamped by the bank as "Received June 28 1951 Credit Dept." Whether the loan was actually completed on July 3rd or July 5th is immaterial. In either case, the statement, which had been given obviously to induce a loan, had been with the bank for at least five days. Under such circumstances, without need for direct testimony to the point an inference was required that the credit and cash extended, whether on July 3 or July 5, was extended in reliance on the statement.

It may be that the strength of the inference was impaired by the fact the loan was sought and granted principally to refund an earlier loan on such terms as to afford the bankrupt a 90 day breathing space. Out of a loan of $3,520 only $14.45 was made available to the bankrupt in cash. Nevertheless the inference of reliance on the statement, we think, was at least enough to constitute a *prima facie* case for the objecting creditor on the issue of re-

liance. And the bankrupt presented no evidence effective to rebut that inference.

Reversed.

CLARK, Chief Judge (concurring).

I concur, but think I should state that to me the evidence against the bankrupt is substantially stronger than as here indicated, both as to the extent of his concealed indebtedness and as to the definite and precise reliance of the bank on his false statement. But extensive analysis of the evidence is hardly worth while here.