**In the Matter of Morris WEINSTEIN and Philip Weinstein individually and as co-partners doing business under the name of Morris Weinstein & Co., and the co-partnership of Morris Weinstein & Co., Bankrupts.**

**No. 53313.**

United States District Court
E. D. New York.

Jan. 4, 1961.

Edward H. Blau, New York City, for the Bankrupts for the Motion.

David Kallman, New York City, for the Objecting Trustee.

RAYFIEL, District Judge.

This is a petition to review an order of Hon. Sherman D. Warner, Referee in Bankruptcy, made on July 5, 1960, wherein he denied the bankrupts' application for discharge.

The facts, as revealed by the record, are as follows: The bankrupts herein, Morris and Philip Weinstein, are father and son. On May 22, 1953 Philip Weinstein, the son, and one Dorothy Younger, established the business of manufacturing womens' coats and suits as co-partners under the name of Philip Weinstein & Co. at 237 West 37th Street, New York City. Philip Weinstein invested $35,000, borrowed from his father, and Dorothy Younger invested the sum of $10,000. No note or other evidence of his indebtedness to his father was ever executed by Philip Weinstein, nor was there any agreement between them as to the repayment thereof. However, Morris Weinstein worked for the partnership as a salesman.

On May 3, 1954 the partnership was dissolved and a certificate of the discontinuance thereof was filed in the office of the County Clerk of New York County. All of its assets were turned over to Philip Weinstein and he assumed all of its liabilities. On the same day a new part-

nership was formed under the name Morris Weinstein & Co., located at the same address, the members of which were Morris Weinstein, Philip Weinstein and one Morris Warshafsky. Morris Weinstein contributed $18,000 in cash, Philip Weinstein contributed $2,000 in cash and the merchandise inventory, machinery and fixtures which he had obtained from Philip Weinstein & Co., and Morris Warshafsky was to contribute $10,000. This partnership was dissolved on or about June 10, 1954 because Morris Warshafsky was unable to raise the $10,000 which he was to contribute. A certificate of dissolution of the corporation was filed in the office of the County Clerk of New York County.

On June 10, 1954 Morris Weinstein and Philip Weinstein formed a new partnership under the name of Morris Weinstein & Co. It occupied the same premises which had been occupied by Philip Weinstein & Co., and the two partners made the same contributions which they were to have made to the next preceding partnership. This partnership and the members thereof are the bankrupts herein.

In August or September of 1954 Morris Weinstein met one Gotthold Rose, the President of the Garfield Trust Company of Garfield, New Jersey, at the place of business of one Arthur Kuzan, a customer of the bank, at 25–05 Broadway, Fairlawn, New Jersey. Morris Weinstein told Mr. Rose that his firm, Morris Weinstein & Co., wished to apply for a loan at his bank. Mr. Rose told Mr. Weinstein that the bank would be unable to make the loan because his firm was not a New Jersey partnership. A short time thereafter Mr. Rose received the financial statement of Morris Weinstein and Co. of 237 West 37th Street, New York City, dated June 7, 1954, which reflected the financial condition of the firm as of May 7, 1954, and which showed a net worth of $33,291.60. This financial statement was marked Objecting Trustee's Exhibit "2" at the hearings before Referee Warner, and is attached to the specifications of objection herein as Exhibit A.

On October 8, 1954 the bankrupts opened a bank account in the Garfield Trust Company under the name Morris Weinstein & Co., and on October 15, 1954 filed a certificate of conducting business under that name in the office of the County Clerk of Bergen County, New Jersey. They listed the address of Morris Weinstein & Co. at 25–02 Broadway, Fairlawn, New Jersey.

On November 18, 1954 Morris Weinstein & Co. of 25–05 Broadway, Fairlawn, New Jersey filed an application for a loan of $2,500 with the Garfield Trust Company. It submitted to the bank a statement dated November 6, 1954, showing that its business as of November 1, 1954 had a net worth of $13,589.57. This statement was marked Objecting Trustee's Exhibit "3" before Referee Warner, and is attached to the specifications of objection herein as Exhibit B. The assets consisted of cash on hand in the amount of $1,536.82, which was on deposit in the Garfield Trust Company, accounts receivable of $10,912.75, and merchandise of $1,640. The accounts receivable consisted of various accounts on the books of the partnership in New York, which were allegedly earmarked for the New Jersey operation. The liabilities aggregated $500, consisting of the following: Accrued labor and salaries $300, and accrued current liabilities (telephone, rent, etc.) $200. On November 22, 1954 the bank loaned the bankrupts the sum of $2,500, in reliance, as Mr. Rose testified, on the said financial statements.

On December 8, 1954 the bank made another loan of $2,500 to the bankrupts, again relying, according to Mr. Rose's testimony, on said financial statements.

A third statement of the financial condition of the New Jersey branch of the partnership, dated January 18, 1955, was submitted to the bank by the bankrupts. It showed the condition of the partnership as of December 31, 1954, and contained an operating profit and loss statement for the seven months prior to December 31, 1954, showing a loss for that period of $3,704.50. That statement showed a net worth of $27,817.10.

It was marked Trustee's Exhibit "4" before Referee Warner and is attached to the specifications of objection, wherein it is referred to as Exhibit C.

On January 24, 1955 the first loan, made November 22, 1954, was renewed. Mr. Rose testified that the bank relied principally on Trustee's Exhibit "3", the financial statement dated November 6, 1954. There was no testimony to the effect that Trustee's Exhibit "4", dated January 18, 1955, was either considered or relied upon by the bank.

On March 8, 1955 the partnership made a general assignment for the benefit of creditors to the New York Credit Men's Adjustment Bureau, Inc., and on July 31, 1956 Morris Weinstein and Philip Weinstein, individually, and as co-partners under the name of Morris Weinstein & Co., and the co-partnership of Morris Weinstein & Co. filed the voluntary petition in bankruptcy herein.

The specifications of objection to the bankrupts' discharge filed by the trustee are based on Section 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), which reads as follows: "(c) The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extention or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition."

Judge Hincks, in the case of Industrial Bank of Commerce v. Bissell, 2 Cir., 219 F.2d 624, 625, stated the trustee's burden of proof under that section as follows: "Under Section 14, sub. c(3) of the Act the objecting creditor must establish three major factors: (1) that the bankrupt, for the purpose of obtaining money or property on credit, made a written statement respecting his financial condition, (2) that such statement was 'materially false,' and (3) that it was relied upon by the objecting creditor. See 1 Collier on Bankruptcy, Par. 14.34; Morimura, Arai & Co. v. Taback, 279 U.S. 24, 49 S.Ct. 212, 73 L.Ed. 586; Gerdes v. Lustgarten, 266 U.S. 321, 322, 45 S.Ct. 107, 69 L.Ed. 309; Kitzinger v. Geo. Y. (sic) Clark Co., 2 Cir., 146 F.2d 717; Crue v. Timmer, 6 Cir., 119 F.2d 415; In re Levine, D.C.S.D.N.Y., 28 F.Supp. 819. The word 'false' in this statute means more than merely an incorrect statement. In the Taback case, supra [279 U.S. 24, 49 S.Ct. 215], the Supreme Court held that to be 'false' the statement must have been 'made and acquiesced in either with actual knowledge that it was incorrect, or with reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct.' To establish a *prima facie* case, the objecting creditor, under the proviso to Section 14, sub. c, is required to 'show to the satisfaction of the court that there are reasonable grounds for believing' that the above three factors are present. Once this is done, the bankrupt has the burden of proving facts which remove the case from the bar of the Act. In re Schwartz, 2 Cir., 135 F.2d 362; In re Di Palo, 2 Cir., 1955, 218 F.2d 816."

In the case at bar Referee Warner has found "that the financial statements of Morris Weinstein & Co., objecting trustee's Exhibits '2' and '3' fail to reflect the obligations of the partnership amounting to a sum in excess of $22,000; that said financial statements, objecting trustee's Exhibits '2' and '3' were materially false in writing and were submitted to the Garfield Trust Company in Garfield, New Jersey, with the purpose and with the intent to induce it to lend money on credit and to extend or renew credit to it in reliance thereon; that the Garfield Trust Company relied upon said false statements and made two loans, each in the sum of $2,500 and an extension of the initial loan, to the partnership, Morris Weinstein & Co."

These findings were made by the Referee after extensive hearings on the specifications of objection. The bankrupts strenuously contested the trustee's contentions, as disclosed by the record,

which consists of some four hundred and seventeen pages.

Under General Order 47 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, I am required to accept the Referee's findings of fact and conclusions of law unless they are clearly erroneous. In a recent case, Stim v. Simon, 284 F.2d 58, decided by the Court of Appeals for this Circuit on November 4, 1960, Circuit Judge Magruder said: "The making of findings of fact on disputed testimony is the primary function of the referee, and under General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53, the judge is required to accept the referee's findings of fact unless they are 'clearly erroneous.'"

The Referee's findings of fact, far from being "clearly erroneous," are amply supported by the record, and, accordingly, the petition to review is dismissed.

Settle order on notice.