In the Matter of Morris WEINSTEIN and Philip Weinstein, individually and as co-partners, doing business as Morris Weinstein & Co., and the co-partnership of Morris Weinstein & Co., Bankrupts-Appellants,

v.

Herbert J. NUSSBAUM, Trustee, Appellee.

No. 74, Docket 26953.

United States Court of Appeals Second Circuit.

Argued Nov. 13, 1961.

Decided April 27, 1962.

Edward H. Blau, New York City, for appellants.

David Kallman, New York City, for appellee.

Before SWAN, MOORE and SMITH, Circuit Judges.

SWAN, Circuit Judge.

In July, 1956, the bankrupts filed a voluntary petition in bankruptcy. Thereafter the trustee in bankruptcy filed specifications of objection to their application for discharge and the matter was referred to Referee Warner. By order dated July 5, 1960, the referee sustained the trustee's objections and denied the discharge.[1] A petition to reverse the referee's order was denied by Judge Rayfiel on January 18, 1961 in an opinion reported in D.C., 190 F.Supp. 221, on the ground that the referee's findings of fact "are amply supported by the record." From this order the bankrupts have appealed.

Denial of the discharge by the referee was determined under 11 U.S.C.A. § 32, sub. c(3) and was based on findings that the Garfield Trust Co., of Garfield, New Jersey, hereafter referred to as the bank, had made two loans to the bankrupts and renewed one of them in reliance upon materially false written statements respecting the bankrupts' financial condition.[2] The loans were each for $2,500, the first having been made on.

1. Reasons for the long period between reference and decision are explained in the referee's opinion.

2. 11 U.S.C.A. § 32, sub. c(3) reads:
   "(c) The court shall grant the discharge unless satisfied that the bankrupt has.

November 22, 1954, and renewed on January 24, 1955, and the second made on December 8, 1954. On all of these dates the bank had in its possession two allegedly false statements upon which Mr. Rose, president of the bank, testified he relied in approving the loans. The statements are referred to as trustee's Exhibits 2 and 3.

Exhibit 2 is a statement dated June 7, 1954 by a certified public accountant stating that "Morris Weinstein & Co., 237 West 37th Street, New York" commenced business May 7, 1954 with an initial capital of $33,291.60 and no liabilities. It was delivered to the bank's president, Mr. Rose, during August or September 1954 when Morris Weinstein first raised the subject of a loan to his firm. He was informed by Mr. Rose that the bank could legally lend money only to a New Jersey partnership. With the assistance of the bank's attorney a partnership certificate was filed by Morris and Philip Weinstein in New Jersey on October 15, 1954, under the name of Morris Weinstein & Co., Fair Lawn, N. J. Exhibit 3, dated November 6, 1954, states the financial condition of the New Jersey partnership as of November 1, 1954.[3] It is a form supplied by the bank and contains provisions that the statement shall be considered as continuing to be true unless written notice of change is given.

The referee found Exhibit 2 false in stating "liabilities—none." Appellants contend that falsity in this respect was not proven. The relevance of this contention is not apparent since the partnership of "Morris Weinstein & Co." to which the certificate referred was not the bankrupt partnership on whose behalf the trustee filed objections to discharge

of the bankrupts, but a partnership composed of Morris and Philip Weinstein and Morris Warshafsky. Because Morris Warshafsky was unable to raise the $10,000 he was to contribute, this partnership was dissolved on June 10, 1954, and a certificate of dissolution was filed in the office of the County Clerk of New York County. On the same date, June 10, 1954, Morris and Philip Weinstein formed the partnership now in bankruptcy, with the same name and address as the prior dissolved partnership. Consequently, if it be assumed, as appellants contend, that the referee erred in finding false the statement in Exhibit 2 that the partnership had no liabilities, we think it was an error not prejudicial to the appellants.

However, the parties have treated Exhibit 2 as if it did refer to the bankrupt partnership of Morris and Philip Weinstein formed on June 10, 1954. If we make the same assumption, we still cannot agree with appellants' contention that the case must be reversed because of lack of proof of the falsity of Exhibit 2. Mr. Rose testified that the bank relied on both Exhibits 2 and 3 in making its loans. If Exhibit 3 was proven false, that would suffice to bar the discharge regardless of Exhibit 2. As stated in Mountain Trust Bank v. Shifflett, 4 Cir., 255 F.2d 718, 720:

"When an objector to a discharge of the bankrupt shows that there are reasonable grounds for believing that the bankrupt has committed *any* of the acts which prevent his discharge, the burden is on the bankrupt to prove that he has not committed *any* of such acts" [italics added].

* * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition."

The section was amended on July 12, 1960, § 17, 74 Stat. 408. We assume, as have counsel for both parties, that the amendment is not applicable to this case.

3. The assets listed are "Cash in this Bank $1,536.82, Accounts Receivable $10,912.75, Merchandise $1,640. Quick assets $14,089.57." The liabilities listed are "Labor, salaries, etc., accrued $300. Rent, telephone, etc., accrued, $200. Current liabilities $500. Net worth $13,589.57, total $14,089.57."

In accord is Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975, 977 which states that if other objections were proved, "the discharge should be denied, even though the judge was wrong as to the first objection." Once a *prima facie* case is made, the bankrupt has the burden of proving facts which remove the case from the bar of the Act. See Industrial Bank of Commerce v. Bissell, 2 Cir., 219 F.2d 624; 1 Collier, Bankruptcy, ¶ 14.34 (Moore ed. 1956).

There is no question that the bank relied on Exhibit 3 in making the loan. It is equally uncontested that the New York partnership owed substantial debts which were in no way reflected in Exhibit 3. The referee found "that Morris Weinstein & Co. was a single partnership composed of Morris and Philip Weinstein maintaining two offices for business, the principal place of business being in New York and a branch or spin-off or split-off of this business being in New Jersey." This finding is the crux of the case. The evidence supports it. The bankrupts introduced a letter [4] from Morris Weinstein to the accountant who prepared Exhibit 3. The accountant testified that he kept only one set of books for both the New York and the New Jersey firms, and that he regarded New Jersey as only a "branch" of New York. New Jersey's original assets came solely by transfer from the New York firm, and there was evidence that New Jersey paid debts incurred by New York. Accordingly, we do not find clear error in the referee's findings that the two partnerships acted as one, and that the Weinsteins had reason to believe that the bank regarded them as one. And the testimony of Mr. Rose permitted the conclusion that the bank so regarded them.

Accepting as we do the finding that only one partnership existed, the failure to show "New York" debts on Exhibit 3 was a clear misstatement made for obtaining credit, see Industrial Bank of Commerce v. Bissell, supra. Admittedly, Mr. Rose testified at times that he understood Exhibit 3 to state only "New Jersey" assets; if so, he would not normally have expected it to show "New York" debts. But he would certainly have expected the statement to show "New York" debts if they encumbered the stated assets. The bankrupts' statement, "Liabilities: $500," was directly contradicted by the facts found by the referee, that over $4,500 was actually paid from "New Jersey" assets to a "New York" creditor, Meinhard & Co., and that claims totalling some $4,000 more were regarded both by the Weinsteins and their creditors as payable from the "New Jersey" funds. These findings are not clearly erroneous.

Accordingly, we find no error in the district court's denial of the bankrupts' petition to review the referee's denial of their discharge.

Judgment affirmed.

---

4.          "November 6, 1954
"Alexander E. Goodman & Co.
"1440 Broadway
"New York, 18, N. Y.
"Gentlemen:
"I hereby advise you that during the early part of October 1954 I organized the firm of Morris Weinstein & Co. at 25–05 Broadway, Fair Lawn, New Jersey and filed a certificate of doing business under this name in the State of New Jersey. I am also doing business under a similar name at 237 West 37th Street, New York City, N. Y., and am at present the sole owner of both firms.
"It is my desire to keep my financial interests in each of the above firms separate and to that purpose request that you set up my capital investment in Morris Weinstein & Co. at 25–05 Broadway, Fair Lawn, N. J., with the following assets which I hereby transfer from my capital investment in Morris Weinstein & Co., 237 West 37th Street, New York, N. Y. as of November 1, 1954.

Cash balance—Garfield Trust Co., Garfield, N. J.    $ 1,536.82
Merchandise Inventory at 25–05 Broadway, Fair Lawn, N. J.    1,640.00
[Items omitted. Total $10,912.75]
*Total to be credited to my capital account*    $14,089.57

"Accordingly, I hereby instruct you to open my books of account to effectuate the above.
         "Yours very truly,
         "...................."