AMERICAN NATIONAL BANK OF
DENVER, Appellant,

v.

Alfred W. RAINGUET, Appellee.

In the Matter of Alfred W. RAINGUET,
Bankrupt.

No. 7311.

United States Court of Appeals
Tenth Circuit.

Oct. 31, 1963.

---

Arthur J. Seifert, Denver, Colo. (Dawson, Nagel, Sherman & Howard and John W. Low, Denver, Colo., on the brief), for appellant.

Arthur W. Burke, Jr., Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This appeal pertains to the right of appellee Rainguet to a discharge in bankruptcy. The objections of the appellant bank to the discharge were overruled by the referee and, on petition for review, the district court sustained the referee.

In the summer of 1959, Rainguet and another negotiated for the purchase of an automobile dealership in Denver, obtained financing from the bank, and organized a company to take over the business. The company did not prosper and after about nine months involuntary bankruptcy proceedings were brought against it. Some three to four months later Rainguet filed a voluntary petition in bankruptcy.

■ The first objection to the discharge is based on the omission of certain assets from the bankruptcy schedules.

Section 14, sub. c(1) of the Bankruptcy Act, 11 U.S.C. § 32, sub. c(1), provides that the court shall grant the discharge unless satisfied that the bankrupt has committed an offense punishable under 18 U.S.C. § 152 which makes the fraudulent concealment of assets by the bankrupt a crime. In the absence of proof of fraudulent intent the objection is not good.[1] The referee found that there was no intent to defraud.

The next objection goes to the sufficiency of the bankrupt's books. Under § 14, sub. c(2) of the Bankruptcy Act, 11 U.S.C. § 32, sub. c(2), discharge will be denied if the bankrupt has failed to keep books "from which his financial condition and business transactions might be ascertained, unless the court deems such * * * failure [to keep books] to have been justified under all the circumstances of the case." The referee found that the books kept were sufficient.

The final objection is that the bankrupt obtained money and credit from the bank by use of false financial statements.[2] The word "false" means more than an incorrect statement.[3] The statement must be made with actual knowledge of falsity or with reckless indifference to the actual facts [4] and be relied upon in the extension of credit.[5] The referee found that the questioned statements were submitted to the bank without intent to deceive or mislead and that the bank did not rely thereon in extending credit.

No good purpose would be served by detailing the facts. We recognize the rule that when a prima facie case has been made by one objecting to a discharge, the burden shifts to the bankrupt to clear himself of the charge so made.[6] The bankrupt was examined at length and gave his versions of the pertinent transactions. Substantial evidence supports the referee's findings that the omissions from the schedules were not fraudulent, that the books were sufficient, and that the financial statements were not intended to deceive and were not relied upon in the extension of credit. We are concerned with whether the findings of the referee were clearly erroneous.[7] After reviewing the record the district court upheld the referee. From our review of the entire record we reach the same conclusion.

Affirmed.

1. 1 Collier on Bankruptcy ¶ 14.23, pp. 1327–1328.

2. See § 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C. § 32, sub. c(3).

3. Industrial Bank of Commerce v. Bissell, 2 Cir., 219 F.2d 624, 625.

4. Morimura, Arai & Company v. Taback, 279 U.S. 24, 33, 49 S.Ct. 212, 73 L.Ed. 586.

5. Industrial Bank of Commerce v. Bissell, supra, note 3 at 625–626 of 219 F.2d; Collier on Bankruptcy ¶ 14.34, p. 1378.

6. Johnson v. Bockman, 10 Cir., 282 F.2d 544, 545; see § 14, sub. c of the Bankruptcy Act, 11 U.S.C. § 32, sub. c.

7. Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527, 530, certiorari denied 372 U.S. 930, 83 S.Ct. 875, 9 L.Ed.2d 734.