In the Matter of Victor J. GONZALEZ, Bankrupt.

No. 66 B 594.

United States District Court
S. D. New York.

Aug. 20, 1968.

Louis P. Rosenberg, Brooklyn, for the bankrupt.

No appearance in opposition on the motion.

## MEMORANDUM

P̶OLLACK, District Judge

This is an application to review the order of a Referee in bankruptcy sustaining Specifications of a creditor in objection to a discharge of the bankrupt on the ground that the bankrupt issued materially false statements in writing which were relied upon to extend credit (Bankruptcy Act, Sec. 14(c) (3)); 11 U.S.C. § 32(c) (3).

The issue before the Court turns on whether written false statements to procure credit were shown by evidence. No writing claimed to be false was tendered or received in evidence before the Referee. It was contended by the objecting creditor that there were such writings in existence (installment sales contracts) but they were never produced or marked in evidence before the Referee nor was their absence legally excused.

There is no appearance in opposition to the bankrupt's present application to review and set aside the denial of the discharge by the Referee.

The substitute submitted to the Referee for the requisite evidence of written false statements to procure credit was the testimony of a witness that the bankrupt had orally admitted to him the assignment of fictitious accounts to the extent of $4,000. (The alleged admission was denied by the bankrupt.) During the hearings the Referee inquired specifically whether there was a false financial statement and counsel for the creditor having answered in the affirmative was instructed by the Referee to "introduce it if it is in writing" ; no writing was ever introduced.

The bankrupt submits authority albeit of an ancient vintage to the effect that the oral admissions of a party are competent evidence only when parol evidence of the fact sought to be shown by such oral admissions would be competent. Under this rule the alleged oral admission testified to in the record would not be significant on the issue of a false writing. Regardless of the validity of such a rule of evidence and its modern vitality, [See, Richardson on Evidence (9th ed. 1964) § 556; McCormick, Law of Evidence, (1954) § 208; Wigmore on Evidence (3rd ed. 1940) § 1256], the statute clearly contemplates the existence of a false writing and until proof has established the existence of a false writing, or a proper foundation for use of secondary evidence thereof, a prima facie case has not been established and the burden of proving this ground of objection to a discharge is not met. "Only when the objecting creditor has discharged this burden, and not before, does the burden shift to the bankrupt". In re Schwartz, 135 F.2d 362 (2d Cir. 1943) Cf. In re Tabibian, 289 F.2d 793, 795 (2d Cir. 1961).

The background which gave rise to the specification in objection to discharge is the following. The bankrupt was one of the two principals in certain corporations engaged in installment plan sales of houseware supplies. These were sold by door to door solicitations through salesmen, who worked on a commission basis. The corporations financed their operations by loans from the objecting creditor and as collateral

security therefor they assigned the installment contracts and the avails thereof to the lender. In addition, the bankrupt and his associate personally guaranteed the repayment of the loans to the corporations. The corporations became insolvent and discontinued operations. The bankrupt's schedules included his obligations on these guarantees.

Objections to the discharge of the bankrupt were posited on various specifications which were all dismissed except the specification that the bankrupt had procured credit from the objecting creditor by false statements alleging the sale and delivery of certain consumer products and the consequent issue of consumer paper, evidencing such alleged sales and delivery, when, in fact, such transactions had never taken place and such consumer paper constituted forgeries; the foregoing allegedly constituted the issuance of a false Financial Statement as defined in the Bankruptcy Act.

The section of the Bankruptcy Act here involved is to be construed strictly against the objector and liberally in favor of the bankrupt. In re Ostrer, 393 F.2d 646, 649 (2d Cir. 1968). Judge Kaufman's opinion in the case just cited distinctly explains the relevant philosophy; he said

"The provisions of the Bankruptcy Act created the broad discharge medicament for the financially sick debtor. It was designed by Congress to give that debtor, hopelessly mired in debt, an opportunity for a fresh start". (Id. at 649).

The evidence was insufficient to justify denial of discharge of the bankrupt and the order of the Referee is reversed and the discharge granted.

So ordered. The matter is remanded to the Referee for further disposition not inconsistent with the Court's determination and so as to permit the use of the appropriate Official Forms in Bankruptcy in processing this matter further.